**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL B. WILLIAMS,                 )     No. C 09-3642 MMC (PR)
                                     )
              Petitioner,            )     **ORDER OF DISMISSAL**
                                     )
      v.                             )
                                     )
PAM AHLIN, Executive Director,       )
Coalinga State Hospital,             )
                                     )
              Respondent.            )
_____    )

On July 22, 2009, petitioner, a civil detainee confined at Coalinga State Hospital and

awaiting civil commitment proceedings, filed the above-titled petition for a writ of habeas

corpus[1] pursuant to 28 U.S.C. § 2241.[2]  Petitioner is proceeding pro se and has paid the filing

fee.

According to the allegations in the petition, on December 6, 2000, the State of

California filed a petition to begin civil commitment proceedings against petitioner as a

sexually violent predator ("SVP") pursuant to California's Sexually Violent Predators Act

("SVPA").  See Cal. Welfare & Inst. Code ("WIC") §§ 6600, et seq.  Thereafter, a probable

cause hearing was held on the petition in the San Francisco Superior Court ("Superior

_____

[1]Petitioner filed his petition in the United States District Court for the Eastern District
of California.  By order filed July 30, 2009, the case was transferred to the Northern District
and assigned to Judge Susan Illston.  On November 3, 2009, the case, in accordance with the
Northern District's Assignment Plan, was reassigned to the undersigned in view of
petitioner's prior pro se actions having been so assigned.

[2]The petition is properly brought under 28 U.S.C. § 2241(c)(3), which provides habeas
corpus jurisdiction over any person held in custody in violation of the Constitution or laws or
treaties of the United States.  See 28 U.S.C. § 2241(c)(3).

Court").  On December 18, 2002, the Superior Court found probable cause existed to hold

petitioner for civil commitment proceedings under the SVPA.  (See Attachment to form

petition at 2:25.)  The matter was set for trial but was continued several times on motion of

both petitioner and the California Attorney General's Office.  Before trial commenced,

petitioner moved for a new probable cause hearing.  According to the petition, on either

December 16, 2005 (see id.) or May 26, 2006 (see id. at 6:6), the Superior Court again found

probable cause existed to hold petitioner for civil commitment proceedings under the SVPA.

Since that time, several motions to continue petitioner's jury trial have been granted and,

according to the allegations in the petition, no jury trial has yet been held on the matter of

petitioner's civil commitment as an SVP.

On an undisclosed date, petitioner filed a motion in the Superior Court to dismiss the

SVP petition, on grounds that his counsel was ineffective for failing to file a pre-trial motion

to dismiss the petition as violating the Equal Protection Clause.  The Superior Court denied

the motion and petitioner then filed in the California Court of Appeal a state habeas corpus

petition on the same ground.  On March 18, 2009, the California Court of Appeal summarily

denied petitioner's habeas petition, as did the California Supreme Court on June 24, 2009.

Petitioner then filed the instant petition pursuant to 28 U.S.C. § 2241, claiming ineffective

assistance of counsel for the same reason asserted in state court, and that the regulations used

to declare an individual an SVP are invalid, in violation of due process.

Under principles of comity and federalism, a federal court should not interfere with

ongoing state criminal proceedings by granting injunctive or declaratory relief absent

extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-46 (1971); see also

Carden v. Montana, 626 F.2d 82, 84 (9th Cir.1980) (applying Younger to habeas petition

challenging state pretrial proceedings).  The policies underlying Younger abstention are fully

applicable to noncriminal judicial proceedings when important state interests are involved,

and when the state proceedings afford an adequate opportunity to raise constitutional claims.

See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982);

id. at 434-37 (finding Younger abstention applicable to state bar disciplinary proceedings

**United States District Court**
For the Northern District of California

1    where important state interest of regulating attorney conduct involved, constitutional claims

2    could be addressed in state proceedings, and no extraordinary circumstances warranted

3    federal intervention).

4         Here, petitioner is in custody awaiting the completion of state civil commitment

5    proceedings that will determine whether he will be sentenced to a term of confinement under

6    the SVPA.  Applying the principles discussed in <u>Middlesex</u>, the Court finds <u>Younger</u>

7    abstention is applicable to the proceedings pending against petitioner.  In particular, the

8    proceedings are judicial in nature,[3] they involve important state interests concerning the

9    state's regulation of sexually violent offenders, and they afford petitioner an opportunity to

10   raise his constitutional claims.  Moreover, petitioner has made no showing that extraordinary

11   circumstances exist that would require federal intervention.  <u>See</u> <u>Younger</u>, 401 U.S. at 46

12   (holding extraordinary circumstances exist when there is danger of great and immediate

13   irreparable loss; holding cost, anxiety and inconvenience of defending against good-faith

14   criminal prosecution not extraordinary circumstance requiring federal intervention); <u>see</u> <u>also</u>

15   <u>Carden</u>, 626 F.2d at 84 (holding federal intervention appropriate only under "special

16   circumstances," such as proven harassment, bad faith prosecution, or other extraordinary

17   circumstances resulting in irreparable injury).

18        Accordingly, the petition is hereby DISMISSED.  The dismissal is without prejudice

19   to petitioner's filing a new federal habeas petition once his state civil commitment

20   proceedings are completed and he has exhausted his state court remedies as to all claims he

21   wishes to raise in federal court.

22        The Clerk shall close the file.

23        IT IS SO ORDERED.

24   DATED: November 13, 2009

25   _____
     MAXINE M. CHESNEY
26   United States District Judge

27

28        [3]The Superior Court presides over commitment proceedings, and individuals facing
     commitment are entitled to a jury trial and the appointment of counsel.  <u>See</u> WIC §§ 6601,
     6603.