IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PAM AHLIN, Executive Director, ) <br> Coalinga State Hospital, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 09-3642 MMC (PR) <br><br> **ORDER DENYING CERTIFICATE OF APPEALABILITY** <br><br> **(Docket No. 10)** |

On July 22, 2009, petitioner, a civil detainee confined at Coalinga State Hospital and awaiting civil commitment proceedings, filed the above-titled pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  By order filed November 13, 2009, the Court reviewed the petition and found it presents a challenge to the validity of ongoing state court proceedings to determine whether petitioner will be sentenced to a term of confinement under California's Sexually Violent Predators Act ("SVPA"). See Cal. Welfare & Inst. Code §§ 6600, et seq.  Applying the abstention principles discussed in Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982), the Court dismissed the petition without prejudice under the doctrine of Younger abstention. See Younger v. Harris, 401 U.S. 37, 43-46 (1971).  (Order, filed Nov. 13, 2009, at 2:20-3:21).

Petitioner has now filed a notice of appeal, which the Court construes as including a

---

[1] The petition is properly brought under 28 U.S.C. § 2241(c)(3), which provides habeas corpus jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(c)(3).

request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). In the notice of appeal petitioner argues that the Court should not have dismissed the petition on abstention grounds because his SVPA commitment proceedings have been pending for nine years. Specifically, petitioner argues, the Court must rule on his petition in accordance with Ninth Circuit case law holding that extreme delay in the state review process may justify federal habeas review before all state court review of a case is completed. See Phillips v. Vasquez, 56 F.3d 1030, 1037-38 (9th Cir. 1995) (finding prisoner's interest in reasonably prompt review of conviction outweighed jurisprudential concerns of exhaustion and abstention where murder conviction had been final for ten years but death sentence still under appellate review in state court); see also Coe v. Thurman, 922 F.2d 528, 530 (9th Cir. 1990) (holding extraordinary delay in state courts can render state corrective processes ineffective within meaning of § 2254(b) and excuse exhaustion).

The Court finds the delays addressed by the Ninth Circuit in Phillips and Coe distinguishable from the facts of the instant matter. In particular, in those cases the Ninth Circuit was concerned with the due process ramifications of delayed state court appellate review of a final judgment of conviction. In the instant case, however, there has been no final state court judgment with respect to the matter of petitioner's custody because his SVPA commitment proceedings are ongoing. Under such circumstances, the Ninth Circuit has held that, absent a showing of an ineffective state process or other extraordinary circumstances, the principles of comity underlying the Supreme Court's decision in Younger require a federal court to abstain from intervening in ongoing state proceedings. See Edelbacher v. Calderon, 160 F.3d 582, 584-87 (9th Cir. 1998) (holding Younger abstention required where petitioner involved in ongoing state criminal proceedings, delay had source in legitimate and proper procedures sought in part by petitioner, and anticipated length of criminal proceedings not "open-ended"). Here, petitioner has not shown either that the state process is ineffective or that other extraordinary circumstances exist that would warrant federal intervention. Specifically, as noted in the Court's order of dismissal, petitioner alleges in his petition that the SVPA proceedings have been continued several times on

2

petitioner's motion, including petitioner's successful motion for a new probable cause hearing, and that he has been able to receive prompt appellate review of state habeas petitions challenging certain aspects of the SVPA proceedings. In particular, the ready availability of the state corrective process under such circumstances further supports an inference that, should petitioner seek review from the state appellate courts with respect to his claim that the SVPA proceedings have been unlawfully delayed, such claim would be ruled upon in a timely manner.

Based on the above, the Court concludes the petition was properly dismissed on abstention grounds and petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the request for a certificate of appealability is hereby DENIED.[2]

The Clerk shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit, from which petitioner may also seek a certificate of appealability. See Asrar, 116 F.3d at 1270.

This order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: January 15, 2010

MAXINE M. CHESNEY
United States District Judge

---

[2] Petitioner has not filed a request to proceed in forma pauperis on appeal and the Court makes no determination as to whether such status should be granted.

3